**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEAH HANSCOM )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>DIVERSIFIED COLLECTION SERVICES, INC., )<br>JOHN DOES, and JANE DOES )<br>    Defendants, )<br> ) | Civil Action No. 1:12-cv-10471 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Leah Hanscom, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### *II.    JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendants transact business here, personal jurisdiction is established.

### III.     PARTIES

4.  Plaintiff, Leah Hanscom (hereinafter "Leah") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Bristol County, in the state of Massachusetts.

5.  Defendant, Diversified Collection Services, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, California 94551.

6.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Plaintiff Leah Hanscom is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

10.  Sometime before 2012, Plaintiff, Leah Hanscom, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5); namely an alleged student loan debt.

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Leah.

12. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendant then began contacting Leah and placing collection calls to Leah; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants directly lied to and/or mislead Leah, threatening to take her co-signor's house, and also made indirect threats meant to be sent to Leah to her Co-signor, who is her mother, telling her mother that Defendants would garnish Leah's wages, and take Leah's tax returns.

15. Defendants, at the most, in regards to federal student loans, can only assist the current creditor in the overall wage garnishment process, and cannot themselves garnish Leah's wages, take her tax returns, or take Leah's mother's home. In regards to private student loans, Defendants cannot themselves do some of what they threatened without a judgment.

16. Defendant utilized unfair and unconscionable means to collect on Leah's alleged debt, by lying to and/or misleading Leah.

### *SUMMARY*

17. All of the above-described collection communications made to Plaintiff Leah Hanscom by each individual Defendant and other collection employees employed by Defendant Diversified Collection Services, Inc., were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

18. The above-detailed conduct by these Defendants of harassing Leah in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19. As a result of the acts alleged above, Defendant caused Leah to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

20. Leah suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, extreme anxiety, panic attacks, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions.

21. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Leah.

### *RESPONDEAT SUPERIOR LIABILITY*

22. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Diversified Collection Services, Inc. who communicated with Plaintiff Leah Hanscom as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Diversified Collection Services, Inc.

23. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Diversified Collection Services, Inc. in collecting consumer debts.

24. By committing these acts and omissions against Leah, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Diversified Collection Services, Inc.

25. Defendant Diversified Collection Services, Inc. is therefore liable to Leah through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Leah.

### V.    *CAUSES OF ACTION*

### *COUNT I*

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
### *15 U.S.C. § 1692 et seq.*

26. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

      (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (c) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Leah Hanscom for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

### COUNT II

### *VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT M.G.L. c.93A*

29. Plaintiff Leah Hanscom repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the M.G.L. c.93A, which considers unfair act or practice in violation of a federal law such as the FDCPA the same as a violation of the FDCPA, and thus prohibits unfair business practices, such as Defendants lying to and misleading Leah and making threats to others meant for her about things that Defendants cannot legally do.

31. Upon information and belief, Defendant Diversified Collection Services, Inc. already had knowledge to know that its actions were in violation of the FDCPA prior to committing them, as they have been sued many times before for lying and making misleading representations to consumers, which is the exact same type of unlawful actions complained of in this complaint. Thus, Defendants committed a willful and knowing violation of the FDCPA through its unlawful actions against Leah.

32. Defendants' acts as described above were done intentionally with the purpose of coercing Leah to pay the alleged debt.

33. As a result of the foregoing violations of the M.G.L. c.93A, Defendant is liable to the Plaintiff Leah Hanscom for trebled statutory damages, attorney's fees, interests and costs, as a result of a willful and knowing violation of the FDCPA.

## VI.  *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled statutory damages from Defendant Diversified Collection Services, Inc. pursuant to M.G.L.c.93A.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO: 680950
Consumer Rights Law Firm, PLLC
2 Dundee Park, Suite 201
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (888) 712-4458
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*
Please take notice that plaintiff Leah Hanscom demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.